UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                  )
FULVIO FLETE-GARCIA,              )
          Plaintiff,              )
                                  )     CIVIL ACTION
          v.                      )     NO. 22-10612-WGY
                                  )
UNITED STATES OF AMERICA,         )
          Defendant,              )
                                  )
_____
```

YOUNG, D.J.                                    May 23, 2022

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's petition for declaratory judgment.  For the reasons set forth below, the court dismisses this action pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

I.   **Background**

On April 22, 2022, Fulvio Flete-Garcia, an inmate in custody at FCI Danbury, filed a <u>pro se</u> petition for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  <u>See</u> Docket No. 1. With the petition, Flete-Garcia filed an application to proceed in district court without prepaying fees or costs (also referred to as a motion for leave to proceed <u>in forma pauperis</u>).  <u>See</u> Docket No. 2.

Flete-Garcia seeks a declaration that his right to be present at the June 11, 2015 arraignment hearing held in <u>United States v. Flete-Garcia</u>, C.R. No. 15-cr-10139-PBS was violated.

See Docket No. 1.  Named as respondent is the United States of America and Flete-Garcia references the allocution requirement of Fed. R. Crim. P. 32(i)(4)(A)(ii) as well as Fed. R. Crim. P. 43 (defendant's presence).  Id.

Specifically, Flete-Garcia contends that he did not attend his arraignment on June 11, 2015.  Id.  In support of his contention that he was not present at his arraignment, Flete-Garcia attaches two exhibits.  The first exhibit is a detention report prepared by the United States Marshals Service on April 8, 2020.  See Docket No. 1-1, p. 2.  Flete-Garcia states that the report documents the "dates, days and times that Flete-Garcia was transported to the Court house from May 4, 2015 to January 17, 2018" and notes that the report contains no indication that he was transported to the courthouse on June 11, 2015.  See Docket No. 1, pp. 2 - 3.  Id.  The second exhibit is the transcript from the June 11, 2015 arraignment.[1]  See Docket No. 1-1, p. 11.

Finally, Flete-Garcia states that he raised "in the ongoing current legal proceedings in the Court of Appeals for the 1st

---

[1] The transcript clearly indicates that Flete-Garcia was present at the June 11, 2015 arraignment.  See Docket No. 1-1, p. 13; see also United States v. Flete-Garcia, C.R. No. 15-cr-10139-PBS, Docket No. 68 (transcript of arraignment as to Fulvio Flete-Garcia held on June 11, 2015).

Circuit" the issue of his presence at the June 11, 2015
arraignment hearing.  See Docket No. 1, p. 4.

## II.  Review

    "Federal courts are courts of limited jurisdiction."
Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).
Federal district courts may exercise jurisdiction over civil
actions arising under federal law, see 28 U.S.C. § 1331, and
over certain actions in which the parties are of diverse
citizenship and the amount in controversy exceeds $75,000, see
28 U.S.C. § 1332.

    Consequently, a plaintiff who seeks to bring his suit in a
federal forum bears the burden of establishing that the federal
court has subject-matter jurisdiction. See Gordo-González v.
United States, 873 F.3d 32, 35 (1st Cir. 2017).  "If the court
determines at any time that it lacks subject-matter
jurisdiction, the court must dismiss the action."  Fed. R. Civ.
P. 12(h)(3).  Because the plaintiff is proceeding pro se, the
court liberally construes the complaint.  Haines v. Kerner, 404
U.S. 519, 520-21 (1972).

    Additionally, where "it is crystal clear that the plaintiff
cannot prevail and that amending the complaint would be futile,"
a dismissal sua sponte is appropriate.  Garayalde-Rijos v.
Municipality of Carolina, 747 F.3d 15, 23, (1st Cir. 2014)
(citations and internal quotation marks omitted).

**III. Discussion**

The Declaratory Judgment Act provides that a court of the United States, "[i]n a case of actual controversy within its jurisdiction ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). The case-or-controversy requirement "must be satisfied at each and every stage of the litigation." Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001).

Here, Flete-Garcia does not set forth a current case or controversy that may be independently adjudicated pursuant to the Declaratory Judgment Act. Flete-Garcia's asserted jurisdiction under the Declaratory Judgment Act disregards that "[t]he Act does not itself confer subject matter jurisdiction, but, rather, makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis." Ernst & Young v. Depositors Economic Protection Corp., 45 F.3d 530, 534 (1st Cir. 1995) (citing Franchise Tax Bd. V. Construction Laborers Vacation Trust, 463 U.S. 1, 15-16 (1983)).

[4]

By bringing this action under the Declaratory Judgment Act, Flete-Garcia seeks to indirectly challenge his conviction. The Declaratory Judgement Act, however, "'does not provide a means whereby previous judgments by ... federal courts may be reexamined, nor is it a substitute for ... post conviction remedies.'" Hugley v. Rios, No. 10-cv-336-D, 2010 WL 2610664, at *4 (W.D. Okla. May 19, 2010) (quoting Shannon v. Sequeechi, 365 F.2d 827, 829 (10th Cir. 1966)). Instead, attacks on federal convictions must be brought through a properly filed motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255.[2]

A search of the court's records indicates that Flete-Garcia previously filed a Section 2255 motion concerning C.R. No. 15-10129-PBS. See Flete-Garcia v. United States, C.A. No. 18-12006-PBS (filed Sept. 24, 2018). By Memorandum and Order dated March 20, 2020, the sentencing judge denied the Section 2255 motion. Id. at Docket No. 170. In addition to denying Flete-Garcia's 2255 motion, the sentencing judge also denied his petition for declaratory judgment stating, in part that the "Marshal Service custody log that Flete-Garcia provides - which seems not to include court appearances at all - cannot overcome

---

[2] Because Flete-Garcia's initial Section 2255 motion was denied on the merits, he must first receive permission from the First Circuit Court of Appeals to file a second or successive Section 2255 motion.

records on the public docket of Flete-Garcia's appearance at his arraignment." March 20, 2020 Memorandum and Order, <u>United States v. Flete-Garcia</u>, C.R. No. 15-cr-10139-PBS, Docket No. 170 at p. 14.

Given the nature of these jurisdictional deficiencies, the court finds that amendment would be futile and the action is subject to dismissal.

**IV.  Order**

Based upon the foregoing, it is hereby Ordered that this action is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.  In view of the dismissal of this action for lack of subject matter jurisdiction, no action is taken on plaintiff's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

**SO ORDERED.**

<u>/s/ William G. Young</u>
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE